IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **Ida Marie Peña;** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION NO. 5:16-cv-1169** |
| § | |
| **Waggoner & Thomas All-Care, Inc., &** § | |
| **Haskelene Thomas**; § | |
| § | |
| **Defendants.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action for unpaid wages brought under the Fair Labor Standards Act (hereinafter "FLSA") 29 U.S.C. § 201 *et seq*. This action is brought by a non-exempt worker employed by Defendants to perform healthcare assistance related work at several assisted living facilities. Plaintiff worked for Defendants and their associated businesses in and around several locations in San Antonio, Bexar County, Texas. Defendants have failed to pay Plaintiff the required overtime pay for all hours worked in excess of forty (40) hours during each workweek. Accordingly, Plaintiff seeks unpaid overtime wages, liquidated damages, and attorney's fees.

### I. JURISDICTION AND VENUE

1. Plaintiff brings this case to recover unpaid compensation under 29 U.S.C. §201, *et seq*. As such, this Court has jurisdiction over Plaintiff's FLSA claims pursuant to the following:

    a. 28 U.S.C. §1331 (Federal Question);

    b. 28 U.S.C. § 1337 (Interstate Commerce);

    c. 29 U.S.C. § 216(b) (FLSA).

2. Inasmuch as the work took place in Bexar County, Texas and a substantial part of the acts or omissions giving rise to Plaintiff's cause of action occurred in or around Bexar County,

Texas, venue is proper in this District and Division under 28 U.S.C. § 1391(b)(1) and (2) and 29 U.S.C. § 216(b).

## II.     THE PARTIES

3.      Plaintiff Ida Marie Peña is an individual residing in Bexar County, Texas.

4.      Defendant Waggoner & Thomas All-Care, Inc. (d/b/a All-Care) is a Texas corporation which may be served with process by serving its registered agent for service of process, Haskelene Thomas, 4241 Woodcock Drive, Suite B-202A, San Antonio, Texas 78228.

5.      Defendant Haskelene Thomas is an individual who may be served with process at her principal place of business, 4241 Woodcock Drive, Suite B-202A, San Antonio, Texas 78228.

## III.    FACTS

6.      As an employee of Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of 29 U.S.C. § 203.

7.      Defendants have, at all times relevant to this action employed more than ten (10) workers whose duties included, but were not limited to, providing healthcare assistance services in assisted living facilities. Defendants' business has been at all times relevant to this action, an enterprise that has, at any given time, employed more than two (2) employees who handle and work with goods that have been moved in or produced for commerce.

8.      Throughout her employment with Defendants, Plaintiff handled goods or materials that had been moved in or produced for commerce, including medical supplies and foodstuffs. As such, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. §203(e)(1).

9. Defendants' business is an enterprise engaged in commerce whose gross annual volume of sales exceeds $500,000.00, and has for all times relevant to this action exceeded $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

10. From approximately December of 2011 to approximately March of 2016, Plaintiff worked for Defendants.

11. Plaintiff worked for Defendants in multiple assisted living facilities in and around San Antonio, Bexar County, Texas.

12. Plaintiff provided healthcare assistance and provider services to residents of assisted living facilities.

15. Defendants recruited, hired, and employed Plaintiff to perform these duties.

16. At all times relevant to this action, Defendants controlled and supervised the work performed by Plaintiff.

17. At all times relevant to this action, Defendants knowingly, willfully, or with reckless disregard, carried out their illegal pattern or practice of failing to pay the required overtime compensation due to Plaintiff.

18. At all times relevant to this action, Defendants failed to maintain complete and accurate records of Plaintiff's hours of work and compensation as required by the FLSA.

19. In each workweek in which Plaintiff worked in excess of forty (40) hours, she was not paid at an overtime rate or the overtime premium for hours worked over forty (40).

20. Defendants paid Plaintiff a straight-time rate for each hour worked for the Defendants. Plaintiff did not receive overtime compensation for hours worked over forty (40) in a workweek. Moreover, Plaintiff was not paid for all of the compensable hours that she worked.

21. At all times relevant to this action and as a matter of economic reality, each Defendant employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 203(g). At all material times, each Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff. Facts demonstrating that the each Defendant was Plaintiff's employer include, but are not limited to, the following:

   a. Each Defendant possessed the authority to hire and fire Plaintiff.

   b. Plaintiff was economically dependent on each Defendant for the terms and conditions of her employment.

   c. Each Defendant possessed and exercised the authority to control the employment rules and policies applicable to Plaintiff, including scheduling, timekeeping, payroll, and disciplinary practices.

## IV.     FIRST CLAIM FOR RELIEF

### FLSA Overtime

22. The above-described actions by Defendants violated Plaintiff's overtime pay rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for which she is entitled to relief pursuant to 29 U.S.C. § 216(b). Plaintiff has consented to the filing of this action for violations of the FLSA. *See* Exhibit "A."

## V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

   A. Award Plaintiff her unpaid overtime compensation and an equal amount of liquidated damages;

   B. Award Plaintiff her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b); and

C.  Award Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

By:

EQUAL JUSTICE CENTER
8301 Broadway Street, Ste. 309
San Antonio, Texas 78209
Tel (210) 308-6222
Fax (210) 308-6223

 /s/ Colleen Mulholland
Texas State Bar No. 24091765
Tel (210) 308-6222, ext. 101
cmulholland@equaljusticecenter.org

Philip J. Moss
Texas State Bar No. 24074764
Tel (210) 308-6222, ext. 102
pmoss@equaljusticecenter.org

COUNSEL FOR PLAINTIFF