**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IDA MARIE PEÑA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| *v.* | § | Civil Action No.  SA-16-CV-1169-XR |
| | § | |
| WAGGONER AND THOMAS ALL-CARE, | § | |
| INC. AND HASKELENE THOMAS, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**ORDER**

On this date, the Court considered the parties' Unopposed Motion to Approve Settlement Agreement and Enter an Agreed Final Judgment. Docket no. 31. After careful consideration, the Court GRANTS the motion.

**BACKGROUND**

On November 18, 2016, Plaintiff filed her Original Complaint against Defendants under the Fair Labor Standards Act ("FLSA"). Docket no. 1. Plaintiff alleges that Defendants failed to pay her required overtime pay for hours worked in excess of forty hours during each workweek in violation of the FLSA. *Id*. Defendants denied that they violated the FLSA and alleged that Plaintiff is exempt from overtime provisions. Docket no. 9. Following negotiations, the parties have now reached an agreement to fully and finally resolve their dispute. Docket no. 31.

**ANALYSIS**

**I.      FLSA Provisions**

The FLSA was enacted for the purpose of protecting all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys.*, 450

1

U.S. 728, 739 (1981). Congress recognized that "due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945). The provisions of the FLSA are mandatory. The Eleventh Circuit has held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees:" payment supervised by the Secretary of Labor and judicial approval of a stipulated settlement after an employee has brought a private action. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The court reasoned that these methods ensure that the same unequal bargaining power between employers and employees that underlies the Act does not unfairly affect a private settlement of claims for wages. Thus, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353. Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

Not every FLSA settlement, however, requires court approval. "[P]arties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due. A release of a party's rights under the FLSA is enforceable under such circumstances." *Martin v. Spring Break '83 Prods.*, *L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (quoting and adopting *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005)); *see also Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 163–64 (5th Cir. 2015).

2

Because the parties here have requested court approval of their settlement, the Court will analyze the settlement.

## II.    Bona Fide Dispute

The Court finds that a bona fide dispute exists. The pleadings indicate that there is a dispute as to the amount of hours worked, the amount of payment that may be due, if any, and whether Plaintiff is exempt from overtime provisions. The FLSA requires employers to pay overtime compensation to employees who work more than forty hours in a workweek. 29 U.S.C. § 207(a)(1). Through the Motor Carrier Exemption, the FLSA exempts from the overtime-pay requirement "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of title 49." 29 U.S.C. § 213(b)(1). The decision whether an employee is exempt from the FLSA's overtime compensation provisions is primarily a question of fact; however, the ultimate decision is a question of law. *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 330–31 (5th Cir. 2000). The Court concludes that there are bona fide disputes in this case over FLSA coverage and determining the amount of overtime compensation.

## III.    Fair and Reasonable Resolution

The Court has reviewed the terms of the settlement agreement and concludes that the settlement is fair and reasonable.

## CONCLUSION

The Court finds that the settlement agreement is a fair and reasonable settlement of a bona fide dispute. Therefore, the parties' Unopposed Motion to Approve Settlement Agreement and Enter an Agreed Final Judgment (Docket no. 31) is GRANTED in all respects. The settlement is

APPROVED. It is FURTHER ORDERED that the Clerk of Court will separately enter the

Agreed Final Judgment as a final judgment in this action.

It is so ORDERED.

SIGNED this 7th day of November, 2017.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

4