IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IDA MARIE PEÑA, | § |
| *Plaintiff*, | § § § |
| vs. | § § |
| WAGGONER AND THOMAS ALL-CARE, INC. AND HASKELENE THOMAS, | § CIVIL ACTION NO. SA-16-CV-1169-XR § § § |
| *Defendants*. | § § § |

## PLAINTIFF'S APPLICATION FOR TURNOVER AFTER JUDGMENT AND APPOINTMENT OF A RECEIVER

TO THE HONORABLE JUDGE XAVIER RODRIGUEZ:

Plaintiff, IDA MARIE PEÑA, (hereinafter referred to as "Plaintiff" or "Applicant") makes this Application for Turnover after Judgment and Appointment of a Receiver pursuant to Texas Civil Practice & Remedies Code, § 31.002 (Vernon 1986) (the "Turnover Statute") and Rule 69 of the Federal Rules of Civil Procedure, and in support thereof shows the following:

### I. THE JUDGMENT

1. Applicant holds a judgment in the amount of $18,000.00, jointly and severally, against Defendants WAGGONER AND THOMAS ALL-CARE, INC. and HASKELENE THOMAS, (hereinafter referred to as "Defendants"). (Dkt. No. 33).

2. Plaintiff filed suit against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 201 *et seq*. This Court approved the parties' Unopposed Motion to Approve Settlement Agreement and Enter an Agreed Final Judgment. (Dkt. No. 32).

3.     Defendants made two payments under the agreed payment plan totaling $2,000.00. However, Defendants to date have missed three scheduled payments. Exhibit "A."

4.     The terms of the agreed judgment allow the Defendants' payments to be no more than thirty (30) days late, at which point Plaintiff is entitled to accelerate damages and collect the entirety of the amount remaining on the agreed judgment using any legally available remedy to do so.

5.     Plaintiff would show the Court that the Defendants are believed to be the owners of property described as accounts receivable from Medicare and Medicaid (WAGGONER AND THOMAS ALL-CARE, INC) and an ownership interest in the corporate Defendant (HASKELENE THOMAS) that are difficult to be levy upon by ordinary legal process. Exhibit "A." This property is not exempt from seizure for satisfaction of the judgment.

## II. PROPERTY SUBJECT TO TURNOVER

6.     Pursuant to Texas Civil Practice and Remedies Code Chapter 31.002, Plaintiff alleges that all remedies available at law or in equity to it are inadequate and the Court has the authority to order the judgment debtor to turn over any and all non-exempt property, including any checking or savings account in the name of the judgment debtor; all financial accounts (including bank accounts); money-market accounts; shares of stock in the name of the judgment debtor; all dividends and interest earned from stock, bonds, certificates of deposit; all safety deposit boxes or vaults; all cash; all securities; all negotiable instruments, including promissory notes, drafts, and checks; all accounts receivable (including those from Medicare and Medicaid), notes receivable, cash income of a going business; interests in joint ventures or partnerships; rights to payment of commissions from a future event; causes of action or choses in action; contract rights, whether present or future; equipment, vehicles, boats, trailers, planes, and motors; royalties from copyrights

and patents; royalties from oil and gas ventures, whether in the jurisdiction of the court and whether present or future; all personal property secreted by the Defendants; all liens to secure performance; income tax refunds in the Defendants' names or to the Defendants' accounts, whether in trust or by direct deposit; and to further provide the receiver with an accounting every month until the judgment is paid.

7. The Defendants' property cannot readily be attached or levied on by ordinary legal process. This property is not exempt under any statute from attachment, execution, or seizure for the satisfaction of liabilities. Exhibit "A."

### III. APPOINTMENT OF RECEIVER

8. Rule 69 of the Federal Rules of Civil Procedure dictates that the proceeding supplementary to and in aid of a judgment or execution must accord with the practice and procedure of the state where the district court is located.

9. Pursuant to Texas Civil Practice & Remedies Code § 31.002(b), Plaintiff requests this Court to appoint a receiver with authority to take possession of the non-exempt property of the Defendants, sell it and pay the proceeds to Plaintiff to the extent required to satisfy the judgment as well as the costs and attorney's fees incurred in this turnover proceeding and the receiver's fees.

10. Plaintiff requests that Thomas L. Kolker, Greenstein & Kolker, 1006 E. Cesar Chavez St., Austin, Texas, 78702, be appointed Receiver and that the Receiver appointed be required to post a surety or cash bond in the amount of $500.00. Mr. Kolker's Curriculum Vitae is attached as Exhibit "B." Plaintiff further requests that all costs of the Receiver be taxed against the Defendants as costs of court.

11. Pursuant to Texas Civil Practice & Remedies Code § 31.002(c), Plaintiff is entitled to recover reasonable attorney's fees and costs.

12. Plaintiff requests that the Court enter the attached Proposed Order Appointing Receiver, which is in a substantially similar format as receivership orders entered in Bexar and Travis Counties. Exhibit "A." Mr. Kolker was appointed as receiver under similar terms in the San Antonio Division of the Western District of Texas in Cause 5:12-cv-00042-RP, Dkt. No. 160. Exhibit "C."

WHEREFORE, Plaintiff requests this Court appoint a receiver and award Plaintiff attorney's fees and costs and other reasonable expenses incurred in obtaining such order.

Respectfully Submitted,

*/s/Philip J. Moss*
Philip J. Moss
Texas Bar #: 24074764
EQUAL JUSTICE CENTER
8301 Broadway St., Ste. 309
San Antonio, TX  78209
Tel. (210) 308-6222, ext. 102
Fax (210) 308-6223
pmoss@equaljusticecenter.org

Colleen Mulholland
Texas Bar #: 24091765
EQUAL JUSTICE CENTER
8301 Broadway St., Ste. 309
San Antonio, TX  78209
Tel. (210) 308-6222, ext. 101
Fax (210) 308-6223
cmullholland@equaljusticecenter.org

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

This is to certify that on April 19, 2018 Plaintiff's counsel conferred by phone with Defendant Haskelene Thomas, President of Defendant Waggoner & Thomas All-Care, Inc. Defendants indicated that they were opposed to this Motion.

/s/ Philip J. Moss
Philip J. Moss

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2018, I transmitted the attached document to the Clerk of Court using the ECF system for filing and by USPS to the parties below:

Waggoner & Thomas All-Care, Inc. and Ms. Haskelene Thomas
4606 Centerview Dr., Ste. 165
San Antonio, TX 78228

/s/ Philip J. Moss
Philip J. Moss
