UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IDA MARIE PEÑA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| *v.* | § | Civil Action No.  SA-16-CV-1169-XR |
| | § | |
| WAGGONER AND THOMAS ALL-CARE, | § | |
| INC. AND HASKELENE THOMAS, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## ORDER

On this date, the Court considered the status of the above-captioned case. After careful consideration, the Court hereby DENIES Plaintiff's Application for Turnover after Judgment and Appointment of a Receiver. Docket no. 34.

## BACKGROUND

On November 18, 2016, Plaintiff filed her Original Complaint against Defendants under the Fair Labor Standards Act ("FLSA"). Docket no. 1. Plaintiff alleged that Defendants failed to pay her required overtime pay for hours worked in excess of forty hours during each workweek in violation of the FLSA. *Id*. Defendants denied that they violated the FLSA and alleged that Plaintiff was exempt from overtime provisions. Docket no. 9. Following negotiations, the parties reached an agreement to fully and finally resolve their dispute. Docket no. 31.

On November 7, 2017, the Court granted Plaintiff's Unopposed Motion to Approve Consent Judgment and Approve Settlement. Docket no. 32. On the same date, the court entered a Final Judgment in favor of Plaintiff, awarding her $18,000.00, and named Defendants jointly and severally liable. Docket no. 33.

1

On April 19, 2018, Plaintiff filed her Application for Turnover after Judgment and Appointment of a Receiver, claiming that although Defendants made two payments under the agreed payment plan, they have missed three scheduled payments. Docket no. 34. Plaintiff requests the appointment of a receiver and that Defendants be ordered to turn over any and all non-exempt property to satisfy the balance of the settlement agreement amount. *Id.*

## ANALYSIS

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Enforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378. A court's "ancillary jurisdiction" "to manage its proceedings, vindicate its authority, and effectuate its decrees" provides an independent jurisdictional basis to enforce a settlement agreement only if "the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal." *Id.* at 380–81. The *Kokkonen* Court identified two ways by which a court may make a settlement agreement part of its dismissal order: "either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Id.*

In the present case, the Court's Final Judgment clearly does not include any provision that states the Court retained jurisdiction to enforce the settlement agreement. Also, the Final Judgment does not incorporate the terms of the settlement agreement to confer jurisdiction upon the Court to enforce the settlement agreement. The Final Judgment only awards a judgment in Plaintiff's favor against Defendants, identifies the amount Plaintiff is awarded, indicates the relevant interest rate, and states that all writs and process for enforcement and collection may

issue as necessary. Docket no. 33 at 1. The Final Judgment concludes by stating that "any relief not expressly granted is DENIED." *Id.* at 2.

Even in cases where a settlement agreement is attached to a court's dismissal order, that action alone does not confer jurisdiction on the court to enforce the settlement agreement. *Hosp. House, Inc. v. Gilbert*, 298 F.3d 424, 431 (5th Cir. 2002) At most, "physical attachment of a settlement agreement to a dismissal order evinces the district judgment's 'awareness and approval of the terms of the settlement agreement,' which 'do not suffice to make them part of this order.'" *Id.* (quoting *Kokkonen*, 511 U.S. at 381). Accordingly, because the Court's Final Judgment does not confer jurisdiction on the Court to enforce the settlement agreement, Plaintiff's application must be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for Turnover after Judgment and Appointment of a Receiver (Docket no. 34) is DENIED for lack of jurisdiction.

It is so ORDERED.

SIGNED this 7th day of May, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE