# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| IDA MARIE PEÑA, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.  SA-16-CV-1169-XR |
| § | |
| WAGGONER AND THOMAS ALL-CARE, § | |
| INC. AND HASKELENE THOMAS, § | |
| § | |
| *Defendants*. § | |
| § | |

## ORDER

On this date, the Court considered the status of the above-captioned case. After careful consideration, the Court GRANTS Plaintiff's Motion for Reconsideration (Docket no. 36) concerning its prior Application for Turnover after Judgment and Appointment of a Receiver (Docket no. 34) as further outlined below.

On November 18, 2016, Plaintiff filed her Original Complaint against Defendants under the Fair Labor Standards Act ("FLSA"). Docket no. 1. Following negotiations, the parties reached an agreement to fully and finally resolve their dispute. Docket no. 31. On November 7, 2017, the Court granted Plaintiff's Unopposed Motion to Approve Consent Judgment and Approve Settlement. Docket no. 32. On the same date, the court entered a Final Judgment in favor of Plaintiff, awarding her $18,000.00, and named Defendants jointly and severally liable. Docket no. 33.

On April 19, 2018, Plaintiff filed her Application for Turnover after Judgment and Appointment of a Receiver, claiming that although Defendants made two payments under the agreed payment plan, they have missed three scheduled payments. Docket no. 34. Plaintiff

requested the appointment of a receiver and that Defendants be ordered to turn over any and all non-exempt property to satisfy the balance of the settlement agreement amount. *Id.* On May 7, 2018, the Court denied Plaintiff's application, finding that it did not have jurisdiction to enforce the terms of the parties' settlement agreement. Docket no. 35.

Plaintiff now requests that the Court reconsider its order. Docket no. 35. A court may relieve a party from a final judgment, order, or proceeding for "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). Plaintiff clarifies for the Court that it was not asking the Court to enforce the terms of the parties' settlement agreement, but rather, to enforce the Court's final judgment. Upon further review of Plaintiff's application and motion for reconsideration, the Court finds that it has jurisdiction to enforce its Final Judgment, in which it awarded a judgment in favor of Plaintiff for $18,000.00 and against Defendants Waggoner & Thomas All-Care, Inc. and Haskelene Thomas, jointly and severally. *See* FED. R. CIV. P. 69.

Thus, the Court has jurisdiction to consider and rule on Plaintiff's Application for Turnover after Judgment and Appointment of a Receiver. Plaintiff alleges that Defendants have made two payments, totaling $2,000.00 of the total $18,000.00 judgment, but that they have missed three scheduled payments. Docket no. 34 at 2.

Defendants have failed to respond to Plaintiff's application. Defendants are hereby **ORDERED** to respond to Plaintiff's Application for Turnover after Judgment and Appointment of a Receiver on or before **June 15, 2018**, or the Court will grant Plaintiff's application, appoint a receiver, and order Defendants to turn over any non-exempt property to satisfy this Court's final judgment. The clerk is DIRECTED to mail a copy of this order to Defendant Haskelene Thomas

at 4241 Woodcock Drive, Suite B-202A, San Antonio, Texas 78228 and at 4100 E. Piedras Drive Suite 215, San Antonio, TX 78228.

It is so ORDERED.

SIGNED this 1st day of June, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE