UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IDA MARIE PEÑA, <br><br>*Plaintiff*, <br><br>v. <br><br> WAGGONER & THOMAS ALL-CARE, INC. AND HASKELENE THOMAS, <br><br>*Defendants*. | § § § § § § § § § § § § § <br><br> Civil Action No. SA-16-CV-1169-XR |

## ORDER

On this date, the Court considered the status of the above-captioned case. After careful consideration, the Court GRANTS Plaintiff's Application for Turnover after Judgment and Appointment of a Receiver. Docket no. 34.

## BACKGROUND

On November 18, 2016, Plaintiff Ida Marie Peña filed her Original Complaint against Defendants under the Fair Labor Standards Act ("FLSA"). Docket no. 1. Plaintiff alleged that Defendants failed to pay her required overtime pay for hours worked in excess of forty hours during each workweek in violation of the FLSA. *Id*. Defendants denied that they violated the FLSA and alleged that Plaintiff is exempt from overtime provisions. Docket no. 9. The parties reached a settlement and on November 17, 2017, the Court entered an order approving the parties' settlement agreement. Docket no. 32. On the same date, the Court entered final judgment in the case, awarding Plaintiff $18,000.00 against Defendants jointly and severally. Docket no. 33.

On April 19, 2018, Plaintiff filed her Application for Turnover after Final Judgment and Appointment of a Receiver. Docket no. 34. Plaintiff stated that although Defendants made two payments under the agreed payment plan totaling $2,000.00, they missed three scheduled payments thereafter. *Id.* at 1–2. Because the terms of the agreed judgment allowed Defendants' payments to be no more than thirty days late, after which Plaintiff could accelerate damages and collect the entirety of the remaining amount, Plaintiff sought relief with this Court. *Id.* at 2. Plaintiff requests the appointment of a receiver and that Defendants be ordered to turn over any and all non-exempt property to satisfy the balance of the settlement agreement amount. *Id.*

On May 7, 2018, the Court denied Plaintiff's application, finding that it did not have jurisdiction to enforce the terms of the parties' settlement agreement. Docket no. 35. But on June 1, 2018, the Court granted Plaintiff's motion for reconsideration, after Plaintiff clarified she was not asking the Court to enforce the terms of the parties' settlement agreement, but rather to enforce the Court's final judgment. Docket no. 37. The Court found that it has jurisdiction to enforce its Final Judgment, in which it awarded a judgment in favor of Plaintiff for $18,000.00 and against Defendants Waggoner & Thomas All-Care, Inc. and Haskelene Thomas, jointly and severally. See FED. R. CIV. P. 69. On June 1, 2018, the Court ordered Defendants to respond to Plaintiff's Application for Turnover after Judgment and Appointment of a Receiver on or before June 15, 2018, or the Court would grant Plaintiff's application, appoint a receiver, and order Defendants to turn over any non-exempt property to satisfy this Court's final judgment. Defendants did not comply with the Court's order and failed to respond.

## ANALYSIS

Federal Rule of Civil Procedure 69 states that a money judgment is enforced by a writ of execution and that the procedure on execution, as well as in related proceedings, must accord

with the procedure of the state where the court is located. FED. R. CIV. P. 69. Under Texas law, a judgment creditor is entitled to aid from a court to reach property to obtain satisfaction on the judgment if the judgment debtor owns property that (1) cannot readily be attached or levied by ordinary legal process, and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. TEX. CIV. PRAC. & REM. CODE § 31.002(a). The court may accomplish this in a number of ways, including by appointing a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment. *Id.* § 31.002(b)(3).

Based on the pleadings, evidence, and the arguments of counsel, the Court finds that Defendants own non-exempt property that cannot readily be attached or levied upon by ordinary legal process.

**IT IS THEREFORE, ORDERED, ADJUDGED, and DECREED** that Thomas L. Kolker, Greenstein & Kolker, whose address is 1006 E Cesar Chavez St., Austin, Texas 78702-4208, (telephone number (512) 472-6270, fax number (512) 472-8263) is hereby appointed Receiver in this case pursuant to the Texas Turnover Statute with the power and authority to take possession of all leviable property of Defendants, including, but not limited to the following non-exempt property: (1) all documents or records, including financial records, related to such property that is in the actual or constructive possession or control of the Defendants; (2) all financial accounts (bank accounts), certificates of deposit, money-market accounts, accounts held by any third party; (3) all securities; (4) all equipment, vehicles, boats, and planes; (5) all safety deposit boxes or vaults; (6) all cash; (7) all negotiable instruments, including promissory notes, drafts, and checks; (8) causes of action or choses of action; (9) contract rights, whether

present or future; and (10) accounts receivable; and that all such property shall be held in *custodia legis* of said Receiver as of the date of this Order.

Defendants are **ORDERED** to immediately turnover to the Receiver within five (5) days from Defendants' receipt of a copy of this Order: (1) the documents contained on Exhibit "A" attached hereto, together with all documents and financial records which may be requested by the Receiver; (2) all checks, cash, securities (stocks and bonds), promissory notes, documents of title, and contracts owned by or in the name of Defendants.

Defendants are **ORDERED** to continue, until the Judgment in this cause is fully paid, to turnover to the Receiver at the Receiver's address all checks, cash, securities, promissory notes, documents of title, and contracts within three (3) days from Defendants' receipt and possession of such property, if, as and when Defendants become in receipt and possession of any such property. Paychecks for current wages are exempt from this order.

Requests for information made by the Receiver will have the power of subpoena under Texas law and failure to comply with such a request from the Receiver may be treated by the Court as a contempt of court.

Each member, officer, and director of Defendants is ORDERED to cooperate with the Receiver herein and to provide the documents listed in Exhibit A. The Court may use the power of contempt for knowing failure to comply with this Order.

This Order constitutes authority for the Receiver to collect from the Texas Comptroller of Public Account, Unclaimed Property Division, any funds held in the name of Defendants and said sums are ordered to be forwarded to the Receiver by the Texas Comptroller upon receipt of this Order.

The Court directs that any Medicare or Medicaid funds, or funds from related state or federal programs, or related private agencies, payable to WAGGONER AND THOMAS ALLCARE, INC. be paid directly to the Receiver and this order constitutes authority for Trailblazer Health Enterprises, CGS Administrators, LLC., and/or the National Supplier Clearinghouse or any other Medicare or Medicaid administrator to direct such payments to the Receiver in the manner that the Receiver requests.

The Court directs that any funds due to Defendants from United Healthcare or Blue Cross/Blue Shield or other medical insurance company be paid directly to the Receiver and this order constitutes authority for these entities to direct such payments to the Receiver in the manner that the Receiver requests.

The Court directs that any funds due to Defendants from any private health insurance plans or administrators be paid directly to the Receiver and this order constitutes authority for these entities to direct such payments to the Receiver in the manner that the Receiver requests.

All employees of Defendants and persons under the control of Defendants are ordered to assist the Receiver in carrying out the powers enumerated herein, including but not limited to identifying the location of financial documents, the identity of debtors of Defendants and the location of all financial accounts of Defendants.

The US Marshals Service is hereby directed and ordered to assist the Receiver in carrying out his duties and exercising his powers hereunder and to prevent any person from interfering with the Receiver in taking control and possession of the property of Defendants. The Receiver is authorized to direct any Constable or Sheriff to seize and sell property under a Writ of Execution.

It is further **ORDERED** that the above-named receiver may open any mail addressed to **DEFENDANTS**, redirect the delivery of any mail addressed to **DEFENDANTS**, change the mailing address for **DEFENDANTS**, so that any mail may come directly to the receiver, and take such other action pertaining to the receipt and delivery of **DEFENDANTS'** mail, at the Receiver's discretion.

It is further **ORDERED**, that the above-named receiver may open any e-mail addressed to **DEFENDANTS**, redirect the delivery of any e-mail addressed to **DEFENDANTS**, change the e-mail address for **DEFENDANTS**, so that any e-mail directed to **DEFENDANTS** may come directly to the Receiver, and take such other action pertaining to the receipt and delivery of **DEFENDANTS'** e-mail, at the Receiver's discretion. Any e-mail server for an e-mail account of **DEFENDANTS** shall cooperate in the actions of the Receiver described herein.

It is further **ORDERED** that Applicant have and recover of and against Defendants, Judgment in the additional sum of $500.00 as additional attorney's fees for the presentation of this motion.

It is further **ORDERED** that no bond is required of the Receiver. The Receiver will pay himself as receiver's fees an amount equal to 25% of all proceeds coming into his possession (before deducting out of pocket costs) which the Court finds is a customary and usual fee for a turnover receiver. The Receiver's fees and expenses are taxed as costs against Defendants and as costs are in addition to amounts owed under the judgment; and Receiver is further directed and authorized to pay Applicant's attorney as Trustee for the Applicant the remaining proceeds coming into his possession. No receiver's fees exceeding 25% of all proceeds coming into his possession shall be paid to the Receiver unless an application is filed with and ruled by the Court. Applicant is ordered to pay a guaranteed minimum fee to the Receiver in the amount of

$400.00 within five (5) days of the entry of this Order. Receiver will reimburse Applicant for the minimum fee out of the first amounts recovered by the Receiver that would otherwise be applied to the Receiver's fee. All of the Receiver's fees will be taxed as costs against Defendants. The Receiver is further ordered to take the oath of his office.

    It is so ORDERED.

    SIGNED this 2nd day of July, 2018.

    _____
    XAVIER RODRIGUEZ
    UNITED STATES DISTRICT JUDGE

# EXHIBIT "A" TO RECEIVERSHIP ORDER
# DOCUMENTS TO BE TURNED OVER TO RECEIVER

Any and all records, as hereinafter described, concerning affairs of Defendants; unless otherwise noted, for the period 2011 through the present.

1. bank statements; pass books and other bank or financial institution records;
2. federal income and state franchise tax returns;
3. life insurance policies;
4. all motor vehicle Certificates of Title;
5. stock certificates and bonds;
6. promissory notes;
7. bills of sale;
8. real property deeds and deeds of trust (regardless of date);
9. state sales tax reports;
10. any other record or document evidencing any ownership to real or personal property or to any debt owed or money had (regardless of date);
11. all personal property returns filed with any taxing authority, including but not limited to any central appraisal district or tax assessor/collector;
12. all documents listing or summarizing property owned by the Defendant for the preceding 72 months; and
13. credit applications and other documents stating debtors' financial condition for the preceding 36 months.